UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION       FILED
NO: 5:16-CT-3301-FL
                       OCT 02 2020
                       PETER A. MOORE, JR., CLERK
                       US DISTRICT COURT, EDNC
                       BY _____ DEP CLK

IN-RE: RODNEY A. KOON
　　　　PLAINTIFF

V.

STATE OF NORTH CAROLINA,
BRYAN K. WELLS
　　　　DEFENDANT

MEMORANDUM OF LAW
LOCAL CIVIL RULE
7.2

## OPPOSITION

### — ISSUE(S) PRESENTED —

PLAINTIFF FEELS HE HAS ALREADY PROVEN THE HIGH BURDEN OF THE LEGAL STANDARD TO BE GRANTED SUMMARY JUDGEMENT FOR PLAINTIFF SEEKING RECOVERY FOR VIOLATION OF EITHER STATUTE OF MUST ALLEGE THAT: (1) HE HAS A DISABILITY; (2) PLAINTIFF IS OTHERWISE QUALIFIED FOR THE BENEFITS OF SUCH SERVICE, ON THE BASIS OF HIS DISABILITY IN QUESTION, AND (3) HE WAS EXCLUDED FROM PARTICIPATION IN OR DENIED THE BENEFITS OF SUCH SERVICE ON THE BASIS OF HIS DISABILITY (SEE, e.g. CONSTANTIES. 411 F.3d at 498; Baird. 192 F.3d at 467-70; Doe, 50 F.3d at 1264-65). A PHYSICAL CONDITION "disability" WITHIN THE MEANING OF THE ADA AND REHABILITATION ACT. IF THE CONDITION "SUBTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES." 42 U.S.C. 3 12102; 29 USC § 705 (20)(6).

PG (1)

PLAINTIFF DID MEET THIS BURDEN, WITH THE RESPONSES AND DOCUMENTS AND HIS SUMMITTED AFFIDAVIT DESCRIBING PLAINTIFF'S FIRST HAND EXPERIENCE.

## — SUPPORTING FACTS —

ON OR ABOUT MARCH 2016, PLAINTIFF WHILE ASSIGNED TO PENDER CORRECTIONAL INSTITUTION. PLAINTIFF WAS DENIED ACCESS TO THE PRISON'S HANDICAP LIBRARY AND GYM PROGRAMS THROUGH A DOCUMENTED QUALIFIED ADA INMATE WITH DISABILITIES REQUIRING THE USE OF A CANE SINCE JUNE 2014, EVALUATED BY J.R. PATEL, MD AND PUT ON PLAINTIFF'S EVALUATION CRITERIA FOR REASON UNDER THE ADA SHEET DC-927.

AFTER REVEEWING DR. ESKILDSEN DIANOSIS OF PLAINTIFF'S RIGHT KNEE WHICH SHOWED MEDIAL MENISCAL TEAR TO PLAINTIFF'S RIGHT KNEE WHICH HAD NEVER EVER SHOWED UP ON ANY OTHER MRI OR X-RAY GIVEN OR THAT PLAINTIFF HAD PREFORMED BY APPROVED NCDPS DOCTORS OR ORTHOPEDIC DOCTOR PRIOR TO PLAINTIFF'S ARRIVAL AT PENDER C.I. AND PLAINTIFF BEING DENIED A PRISON HANDICAP LIBRARY PASS AND HAVING NO OTHER CHOICE TO ENJOY THE SAME SERVICES AS EVERYONE ELSE TO GET A LIBRARY BOOK, TO GO AGAINST PLAINTIFF'S NO CLIMBING ORDER AND CLIMB SEVENTEEN (17) STEPS TO REGULAR PRISON LIBRARY.

DIANE R. BROWNING, FNP REVIEWED DR. ESKILDEN DIAGNOSIS ON JULY 16, 2016 AT 17:06 AND ALWAYS HAD ACCESS TO PLAINTIFF'S COMPLETE MEDICAL RECORDS IN HERO UNDER OPUS AND HARD COPY OF PLAINTIFF'S MEDICAL JACKET, WHICH SHOWED PLAINTIFF'S ADA STATUS WITH NO CLIMBING RESTRICTIONS SINCE JUNE 2014. DIANE R. BROWING STILL REFUSED TO ISSUE PLAINTIFF HANDICAP PRISON LIBRARY PASS/CARD TO ACCESS HANDICAP LIBRARY. EVEN AFTER SEEING IN BLACK AND WHITE THAT PLAINTIFF HAS NEW INJURY FROM CLIMBING STEPS TO REGULAR POPULATION LIBRARY, WHICH WAS AGAINST HIS EVALUATION CRITERIA FOR PERSON UNDER THE ADA FORM DC-927 SHOWS OVER AND OVER AGAIN DEFENDANT(S) ACTIONS VIOLATED THE U.S. CONSTITUTION'S 8TH AMENDMENT APPLICABLE TO THE STATES UNDER THE 14TH ADMENDMENT TO THE CONSTITUTIONS PLAINTIFF ALSO SHOW DEFENDANT(S) NEVER TOOK THE TIME TO REVIEW HIS MEDICAL RECORDS OR HONOR ANY OF HIS MANY REQUEST FOR PRISON HANDICAP PASS/CARD, BECAUSE DEFENDANT(S) DENIEL BY UNIT PROVIDER DIANE R. BROWNING ON JUNE 17, 2016. ALL DEFENDANT(S) DIANE R. BROWNING OR DEFENDANT WELLS HAD TO DO WAS REVIEW PLAINTIFF'S MEDICAL RECORDS. IF THIS STEP WOULD HAVE BEEN DONE BY DEFENDANT DIANE DIANE R. BROWNING (FNP) HER DENIAL OF PLAINTIFF'S REQUEST ON JUNE 17, 2016 OR DEFENDANT WELLS RESPONSE AND DENIAL OF PLAINTIFF'S JUNE 30, 2016 GRIEVANCE (STEP ONE - UNIT RESPONSE). DEFENDANT(S) WOULD HAVE SEEN IN PLAINTIFF'S MEDICAL RECORDS ON FILE, PLAINTIFF WAS ALREADY AN ADA APPROVED INMATE SINCE OCTOBER 2014, WITH NO CHANGE TO RESTRICTIONS AND STILL HAS NOT CHANGED TO THIS DAY

ON OCTOBER 18, 2016 MEDICAL PROVIDER MAIDES, MD MEET WITH PLAINTIFF INPERSON, SOMETHING DIANE R. BROWNING NEVER TOOK THE TIME TO DO FROM APRIL 4TH 2016 THRU OCTOBER 18, 2016. THIS IS THE LENGTH OF TIME IT TOOK FROM PLAINTIFF'S FIRST REQUEST FOR PRISON HANDICAP LIBRARY PASS/CARD UNTIL IT WAS ISSUED. DEFENDANT DIANE R. BROWNING ADMITS SHE DID NOT FINALLY SEE PLAINTIFF IN PERSON MEDICAL UNTIL 2017. IF DIANE R. BROWNING WOULD HAVE JUST TOOK THE TIME OR CARED ABOUT DOING HER JOB OR COMPLETING THE REQUIREMENTS TO GET HER CREDENTIALS FOR BOTH SYSTEMS IN THE HERO MEDICAL SYSTEM, ONE LOOK IN THE "HERO SYSTEM" UNDER PLAINTIFF'S OPUS SHE DIANE R. BROWNING WOULD HAVE SEEN UNDER OPUS OF PLAINTIFF WHAT HAD ALWAYS BEEN THERE BECAUSE THERE HAD BEEN NO CHANGES TO PLAINTIFF'S HEALTH GRADE OR ADA STATUS, OR RESTRICTIONS SINCE PLAINTIFF'S ARRIVAL AT PENDER C.I. OR AS A MATTER OF FACT SINCE 2014 WHEN PLAINTIFF'S RESTRICTIONS WERE FIRST PUT AND DOCUMENTED AS WELL AS PLAINTIFF'S ADA DC-927. DR. MAIDES TOOK ON LOOK DURING THE OCTOBER 18, 2016 ENCOUNTER IN MEDICAL WITH PLAINTIFF AND DETERMINED WHAT HE SAW IN THE "HERO SYSTEM" UNDER PLAINTIFF'S OPUS THAT IT WAS APPROPRIATE TO ISSUE PLAINTIFF A PRISON HANDICAP LIBRARY PASS/CARD. PLAINTIFF FILED LAWSUIT UNDER 42 U.S.C. § 1983 AGAINST THE DEFENDANT(S) FOR DISCRIMINATION UNDER THE ADA AND REHABILITATION ACT. 29 U.S.C. § 794. IN A CONSPIRACY TO DENY PLAINTIFF A PRISON HANDICAP LIBRARY PASS/CARD ON JUNE 17TH 2016.

PG.(4)

AS A MATTER OF LAW, UNDER THESE FACTS DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT SHOULD BE DENIED AND PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT SHOULD BE GRANTED.

PLAINTIFF WANTS TO REMIND THE COURT THAT HE IS PRO SE AND PLAINTIFF HAS NO LEGAL ASSISTANCE AND PLAINTIFF HAS NO ACCESS TO LAW LIBRARY, PLAINTIFF ASKS COURT FOR "LIBERAL INTERPERTATION."

## — ARGUMENT —

THE STANDARDS FOR SUMMARY JUDGEMENT ARE WELL SETTLED FOR PLAINTIFF TO BE AWARDED SUMMARY JUDGEMENT AND DEFENDANT(S) MOTION FOR SUMMARY JUDGEMENT TO BE DENIED.

SUMMARY JUDGEMENT IS PROPER IN AN ACTION SEEKING A DECLARATORY JUDGEMENT EVEN WHEN THE STATE CAN NOT BE SUED IN FEDERAL COURT. SEE EX PARTE YOUNG, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed 714 (1908)

(A) DEFENDANT WELLS DENIAL OF PLAINTIFF'S HANDICAP PASS/CARD TO ACCESS PRISON LIBRARY VIOLATED THE ADA AND REHABILITION ACT.

A PLAINTIFF SEEKING RECOVERY FOR VIOLATION OF EITHER STATUTE MUST ALLEGE THAT:

    (1) HE HAS A DISABILITY

    (2) HE IS OTHERWISE QUALIFIED FOR THE BENEFIT(S) IN QUESTION

    (3) HE WAS EXCLUDED FROM PARTICIPATION IN OR DENIED THE BENEFITS OF SUCH SERVICE, ON THE BASIS OF HIS DISABILITY. SEE, e.g. CONSTANTINE, 411 F.3d at 498; Baird, 192 F.3d at 467-70; Doe, 50 F.3d at 1264-65. A PHYSICAL CONDITION MAY QUALIFY AS A "DISABILITY" WITHIN THE MEANING OF THE ADA AND REHABILITATION ACT IF THE CONDITION "SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES". 42 U.S.C. § 12102; 29 U.S.C. § 705(20)(B). A MAJOR GOAL OF THE ADA IS TO "PROVIDE A CLEAR AND COMPREHENSIVE NATIONAL MANDATE FOR THE ELIMINATION OF DISCRIMINATION AGAINST INDIVIDUALS WITH DISABILITIES." AMERICANS WITH DISABILITIES ACT. 42 U.S.C. § 12101 (b)(1)(2006.

    (6) PLAINTIFF HAS A WELL KNOWN DISABILITY KNOWN BY DEFENDANT(S) DEFENDANT ADMITS IN RESPONSE TO PLAINTIFF'S COMPLAINT THAT HIS MEDICAL RECORDS MAINTAINED BY NCDPS ARE THE BEST EVIDENCE OF HIS MEDICAL CONDITION AND SPEAK FOR THEMSELVES. THESE ARE EXACT WORDS OF BRYAN K. WELLS THAT PLAINTIFF WILL PROVE. DISCOVERY MATERIAL DEVELOPED VERIFIES PLAINTIFF'S MULTIPLE DISABILITIES OF CARDIAC DISEASE/DISORDER; IMMUNE

DISEASE/DISORDER; NEUROLOGICAL DISEASE; PULMONARY DISEASE; AND SKELETAL DISORDER. AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12102 (2)(A) - (C)(2006)(defining "disability" as a physical or mental impairment that substantially limits one or more of [a persons]... major life activities...; a record of such impairment; or being regarded as having such an impairment"). 28 C.F.R. § 35.104

PLAINTIFF IS SUBTANTIALLY LIMITED BY MAJOR LIFE ACTIVITIES SUCH A CLIMB(NONE), LIFTING (25lbs), PULLING (NONE), PUSHING (NONE), CANE, BOTTOM BUNK, CPAP MACHINE, (WHEELCHAIR TEMP). EXPECTED DURATION OF CONDITIONS, PERMANENT/LIFELONG.

(b) PLAINTIFF IS <u>QUALIFIED</u> PERSON WITH A DISABILITY.

N.C.D.P.S EVALUATION CRITERIA FOR PERSON UNDER THE ADA FORMS RECORDED IN THREE (3) SEPARATE EVALUATION DOCUMENTED PLAINTIFF AS QUALIFIED PERSON WITH A DISABILITY ON JUNE 9, 2014 AND OCTOBER 20, 2016, PLAINTIFF HAS ALREADY SUBMITED THESE DOCUMENTS TO THE COURT. AMERICANS WITH DISABILITIES ACT 42 U.S.C § 12131 (2)(2006)(defining "qualified individual with a disability" "as anyone" who, with or without reasonable modifications to rules, policies, or practies, the removal of architectural, communication, or transportation, barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the reciept of services or the partic-

pation in programs or activities provided by a public entity").

(C) PLAINTIFF WAS EXCLUDED FROM PARTICIPATION IN AN ACTIVITY AT THE PRISON DUE TO DISABILITY.

BECAUSE OF PLAINTIFF'S PHYSICAL IMPAIRMENT DISABILITY REQUIRING THE USE OF A CANE PROHIBITING NO CLIMBING OF THE MORE THAN SEVENTEEN (17) STEPS TO REACH THE PRISON LIBRARY, THE DEFENDANT(S) DISCRIMINATED AGAINST PLAINTIFF FOR REQUESTING THE MEDICALLY PRESCRIBED HANDICAP PASS/CARD TO ACCESS THESE ACTIVITIES WHILE AWARE OF PROPERLY DOCUMENTED RECORD AS AN ASSIGNED ADA INMATE CAUSING HIM TO SUSTAIN SEVER PAIN, SWELLING AND INJURY TO KNEE(S) BEFORE ISSUING THE HANDICAP ACCESSIBILITY FOR LIBRARY AND GYM ACTIVITIES. ALL OF WHICH VIOLATED ADA TITLE II. SEE. e.g. THOMPSON V. DAVIS, 295 F. 3d 890; ALSO SEE, e.g. SCHMIDT V. ODELL, 64 F. Supp. 2d. 1014, 1032-33 (D.KAN. 1999) (noting a possible ADA violation even though the prisoner was able to use most of the services, because doing so required exceptional and painful exertion against his doctor's orders); also, LOVE V. WESTVILLE CORR CTR. 103 F. 3d. 558, 558-59 (7th CIR. 1996)(upholding the decision that a quadriplegic prisoner's ADA Rights had been violated when he was denied access to prison libraries).

B) DEFENDANTS UNCONSTITUTIONAL DISABILITY DISCRIMINATION RESULTING IN PLAINTIFF'S INJURY BY DENYING HANDICAP CARD VIOLATED THE EIGHTH AMENDMENT. THE EIGHT AMENDMENT IS THE RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

(2) DEFENDANTS ACTION WAIVED THE ELEVENTH AMENDMENT IMMUNITY.

DEFENDANT(S) CONTENTION OF IMMUNITY FROM PLAINTIFF SEEKING TO RECOVER MONETARY DAMAGES BARRED BY THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY, AND THAT THE STATE OF NORTH CAROLINA HAS NOT CONSENTED TO SUIT OR OTHERWISE WAIVED SUCH IMMUNITY IS NOT PLAUSIBLE IN THAT, UPON INFORMATION AND BELIEF, THE STATE RECEIVES FEDERAL FINANCIAL ASSISTANCE ALLOWING THE STATE TO BE SUED UNDER § 504, WHICH REQUIRED THAT STATES WAIVE THEIR IMMUNITY FROM § 504 LAWSUITS IF THEY RECEIVED FEDERAL FUNDS. SEE MIRANDA B.V. KITZHABER 328 F.3d 1181-1186 (9th Cir. 2003)("IT'S CLEAR THAT A STATE WAIVES ITS IMMUNITY FROM SUIT UNDER THE REHABILITATION ACT BY ACCEPTING FEDERAL FUNDS").

(i) DEFENDANT(S) ARE NOT ENTITLED TO QUALIFIED IMMUNITY FROM SUIT FOR MONEY DAMAGES.

PLAINTIFF FACTUAL CLAIM THAT THE DELIBERATE AND INTENTIONAL REFUSAL OF DEFENDANT(S) TO ISSUE A HANDICAP CARD FOR PLAINTIFF TO ACCESS PRISON LIBRARY DUE TO HIS INABILITY TO CLIMB STEPS WAS THE REASON FOR PLAINTIFF'S SUBSEQUENT MENISCUS TEAR TO PLAINTIFF'S RIGHT KNEE SHOWING DISCRIMINATION FOR HIS DISABILITY VIOLATING THE EIGTH AMENDMENT, AND DEFENDANT(S) VIOLATED CLEARLY ESTABLISHED STATUTORY LAW OF THE ADA AND § 504 OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN WAS IN EXISTENCE FOR MORE THAN THIRTY YEARS, SEE, e.g. UNITED STATES V. GEORGIA, 546 U.S. 151, 160-61, 126 S.Ct. 877, 883, 163 L.Ed.2d 650, 661 (2006)(STEVENS, J. CONCURRING). DEFENDANT(S) FAILURE TO ISSUE PLAINTIFF A HANDICAP CARD AND PREVENT INJURY MAKES THEM LIABLE AND AMENDABLE TO SUIT FOR MONEY DAMAGES AND RELIEF FOR DECLARATORY JUDGEMENT.

## CONCLUSION

For the foregoing reasons, defendant(s) motion for summary judgement should not be granted and plaintiff's motion for summary judgement should be granted by the court.

## 28 U.S.C. § 1746

Plaintiff swears under penalty of perjury the above motion for memorandum of law local civil rule 7.2 is true and correct on July 31st 2020

## CERTIFICATE

Plaintiff does here-by certify he sent a copy of this document to N.C Att. Gen. Josh Stein, P.O. Box 629 Raleigh, N.C 27602 by U.S. Mail July 31st 2020

Rodney A. Koon
#0229602
P.O. Box 460
Badin, N.C. 28009

*Rodney A. Koon*
X PLAINTIFF'S SIGNATURE